IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEANETTA JOHNSON, SHARON DUNCAN, and
YOLANDA THOMAS, each individually and
on behalf of others similarly situated                    PLAINTIFFS

v.                              No. 5:12-cv-143-DPM

ARKANSAS CONVALESCENT CENTERS, INC.;
ACC1, LLC, d/b/a Arkansas Convalescent Center;
CAPSTONE HEALTH GROUP, LLC; and
KYLE M. DESHOTELS and M.N. OSBOURNE,
both individually and in their official capacities          DEFENDANTS

## ORDER

The collective-action and class motions are ripe. The evidentiary record and the briefing provide an adequate basis for ruling. No hearing is needed.

1. The motion for conditional certification of a collective action is granted in part and denied in part. Johnson and the other plaintiffs have made the modest factual showing required: LPNs, CNAs, and any other nonexempt employees caring for patients at Arkansas Convalescent Center are similarly situated as to the lunch deduction and reclamation process. Clerical and custodial workers, and any other employees not involved in patient care, are not. Clerks get an hour for lunch, not thirty minutes; custodians get to decide when to take lunch; not so with the patient-care

workers; and the job duties of both clerks and custodians do not create hydraulic pressure against taking lunch or a full lunch. There is some evidence that the reclamation policy was unpublicized, and that when known, use of it was discouraged. To the extent there was silence or static from nursing supervisors about taking lunch or reclaiming worked lunch time, a lack of common supervision or implementation across patient-care workers and other hourly employees also exists. The Court has considered all material circumstances. *Smith v. Frac Tech Servs., Ltd.*, No. 4:09-cv-679-JLH, 2009 WL 4251017, at *4 (E.D. Ark. 24 Nov. 2009); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003). Only the patient-care workers are similarly situated enough to proceed collectively on a conditional basis. They have asserted overtime, straight-time, and record-keeping claims. *№ 35 at ¶¶ 46-47, 62-72.*

The Court directs notice by mail in the usual course, not including the requested insert with paychecks. The Court rejects Defendants' request to include a warning about court costs or fee information in the notice. Plaintiffs should revise the proposed notice and the proposed consent so that they track the ones this Court approved in *Roco v. Star One Staffing International*

-2-

*Inc.*, No. 4-10-cv-30-DPM (E.D. Ark. 15 Nov. 2010). The collective action extends across these individuals:

> All non-exempt hourly patient-care workers — including, but not limited to, licensed practical nurses and certified nursing assistants — employed from 24 April 2009 until the date on which this Court enters final judgment and who timely file a written consent to be a party to this case pursuant to 29 U.S.C. § 216(b).

Defendants shall provide Plaintiffs a list (in electronic form) of all potential members of the collective action by 9 August 2013. In the meantime, counsel should collaborate on finishing up the notice and the consent. Revised versions due to the Court by 2 August 2013. The opt-in period shall close on 11 October 2013.

**2.** The motion for class certification of all state law claims is denied without prejudice for four reasons.

First, the proposed class — all hourly employees during the relevant period — is over inclusive. In Rule 23(a) terms, the patient-care workers' claims are neither common nor typical across the proposed class. Plaintiffs have made no showing that any clerical, maintenance, or dietary staff at the nursing home either routinely worked some or all of an unpaid lunch break or were discouraged from reclaiming any such time. The proposed class

representatives have not met the commonality or typicality prerequisite for a class of all hourly employees. *Luiken v. Domino's Pizza, LLC.*, 705 F.3d 370 (8th Cir. 2013); *Paxton v. Union National Bank*, 688 F.2d 552, 559-563 (8th Cir. 1982).

Second, there is daylight between the one Arkansas Minimum Wage Act claim pleaded and the two claims under the Act seemingly proposed for class certification. Johnson and her co-plaintiffs plead an overtime claim under AMWA, but not a straight-time claim. *№ 35 at ¶¶ 73-83.* Their briefing on the class issues, though, seems to seek Rule 23 certification to pursue AMWA claims for both. *E.g., № 45 at 1-2, 8-9, 12.* The broad class definition proposed does not bring any clarity on this point. *№ 45 at 6.* In their response to the Rule 23 motion, Defendants highlighted the overtime-only aspect of plaintiffs' pending AMWA claim and the related murkiness of plaintiffs' motion papers. *№ 52 at 2, 12-13.* Johnson and her co-plaintiffs stand silent about it in their reply. *№ 54.* To the extent plaintiffs seek to pursue an unpleaded AMWA straight-time claim as a class, the Court rejects their effort. *Compare, e.g.,* FED. R. CIV. P. 23(c)(1)(B) (needed contents of certification order).

-4-

Third, if the Court redefines and limits the proposed class to match part of the collective action, a new question arises: why? The Arkansas Minimum Wage Act claim echoes the Fair Labor Standards Act claim for overtime. № *35 at ¶¶ 73-83.* There can't be a double recovery. No straight-time claim is pleaded under the AMWA. *Ibid.* The Court is uncertain why the Plaintiffs want to pursue this partly duplicative claim.

The Court doubts whether a Rule 23 class on the state statutory version of the overtime claim is a superior method "for fairly and efficiently adjudicating the controversy[]" when the FLSA collective action has been conditionally certified. FED R. CIV. P. 23(b)(3); *see also Avritt v. Reliastar Life Insurance Co.,* 615 F.3d 1023, 1029 (8th Cir. 2010) (on superiority generally). Many courts have approved this belt-and-suspenders method, *e.g., Ford v. Townsends of Arkansas, Inc.,* No. 4:08-cv-509, *№ 129* (E.D. Ark. 9 Apr. 2010), though others have not. *E.g., Harden v. WIS Holding Corp.,* 2007 WL 7290307 (W.D. Mo. 2007). This Court is as yet unpersuaded that the parties need to do essentially the same thing in two different ways at the same time. The duplication seems to promise both needless effort and confusion. The partial overlap between FLSA and AMWA claims adds another confusing layer. The

Court is not reaching the vexed question of whether a FLSA collective action and a state-law minimum wage class are inherently incompatible. *See, e.g.*, *Garner v. Butterball LLC*, 2012 WL 570000, *6 (E.D. Ark. 2012) (collecting cases). The Court holds only that — on the claims pleaded, the record presented, and the arguments made — the balance of practical factors weighs against a Rule 23(b)(3) class on AMWA overtime claims.

Fourth, the Court is skeptical about the existence, and the class amenability, of promissory estoppel and unjust enrichment claims for straight time — unpaid time worked in a week with no overtime. *№ 35 at ¶¶ 84-105 and Prayer for Relief (c)*. These quasi-contract doctrines fill the gap when no enforceable contract covers the subject matter of the parties' dispute. *E.g.*, *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 606-609 (8th Cir. 1999). That the parties have *a* contract is not dispositive; the question is whether the parties have a legally valid contract covering the subject matter of their dispute. *Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, 20-22, 381 S.W.3d 21, 35-36. It is undisputed that they do. The parties' oral or written employment contracts surely entitle the employees to be paid at the rate

required by law for all time actually worked.  No gap seems to exist for estoppel or unjust enrichment to fill.

Johnson and her co-plaintiffs might respond that this was a compelled overperformance situation. *E.g., QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, 9-14, 373 S.W.3d 318, 324-326.  Perhaps, though nurses and nurses' aides are not ER doctors; and nursing homes are not emergency rooms. *Compare QHG*, 2009 Ark. App. at 12, 373 S.W.3d at 325-26.  This is a question of degree.  Compelled overperformance is a fact-bound exception to the general rule against a quasi-contract recovery when a valid and governing contract exists.  Even if applicable, this exception makes the point against superiority again.

Promissory estoppel and unjust enrichment are fact-bound claims to begin with, turning case-by-case on individual circumstances.  RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 1 (2010).  Johnson and her fellow plaintiffs have made the modest showing required at this early point under the FLSA that they are similarly situated in relation to the nursing home's lunch-deduction policy and the reclamation option as implemented. The necessarily employee-specific inquiries, and the necessarily employer-

-7-

specific answers, needed on estoppel and unjust enrichment, however, make the Court hesitant to hold that common issues predominate in these quasi-contract claims. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51 (2011); *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604, 618-620 (8th Cir. 2011). As our Sister Wright said recently in a similar case, the varying evidence and answers on detrimental reliance required for each employee's claim would overwhelm common questions of law and fact. *Butcher v. Delta Memorial Hospital*, No. 5-12-cv-241-SWW, № 47 (E.D. Ark. 17 Apr. 2013). So, too, on the alleged misrepresentations.

\* \* \*

Motion for conditional certification of a collective action, № 32, granted in part and denied in part. Motion for class certification, № 44, denied without prejudice. The revised draft notice and consent mirroring *Roco* must be filed (after collaboration) for Court approval by 2 August 2013. Useable electronic list due to Plaintiffs by 9 August 2013.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

25 July 2013